AARON M. CLEFTON, Esq.  (SBN 318680)
PAUL L. REIN, Esq. (SBN 43053)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Fax:   510/832-4787
info@reincleftonlaw.com

IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>    Plaintiff,<br><br>vs.<br><br>MARRIOTT INTERNATIONAL, INC.; LAX HOTEL VENTURES, LLC; NEW WYNN LI, LP; UPTOWN LAX LLC, PERSEVERANCE LAX LLC,<br><br>    Defendants. | **Case No.** 22-7747<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**REQUEST FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

1

1    JAMES ALGER ("Plaintiff") hereby complains of defendants MARRIOTT

2    INTERNATIONAL, INC; LAX HOTEL VENTURES, LLC; NEW WYNN LI,

3    LP; UPTOWN LAX LLC, PERSEVERANCE LAX LLC, (collectively,

4    "Defendants") as follows:

5                              **INTRODUCTION**

6    1.    This is a civil rights action involving the lack of disabled access to the

7    building, structure, facility, complex, property, land, development, and/or business

8    complex known as "Four Points by Sheraton Los Angeles International Airport" at

9    or about 9750 Airport Blvd, Los Angeles, CA 90045 (hereinafter "Four Points").

10   2.    Plaintiff is a person with physical disabilities who relies on a wheelchair or

11   scooter for mobility.

12   3.    Defendants' lack of accessible facilities denies "full and equal" access

13   required by Title III of the Americans with Disabilities Act of 1990 and

14   supplementary California civil rights laws. As a result, Plaintiff has been

15   continuously denied full and equal access to Four Points and has been embarrassed

16   and humiliated. Plaintiff seeks damages and injunctive relief requiring provision of

17   access under the Americans with Disabilities Act of 1990 ("ADA") and injunctive

18   relief for full and equal access and statutory damages under California law.

19   Plaintiff also seeks declaratory relief and recovery of reasonable statutory attorney

20   fees, litigation expenses and costs under federal and state law.

21                        **JURISDICTION AND VENUE**

22   4.    This Court has jurisdiction of this action pursuant to 28 USC § 1331 for

23   violations of the ADA, 42 USC §§ 12101 *et seq*. Pursuant to supplemental

24   jurisdiction, attendant and related causes of action, arising from the same facts, are

25   also brought under California law, including, but not limited to, violations of

26   Health and Safety Code and the Unruh Civil Rights Act.

27   5.    Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

2

1  on the fact that the real property which is the subject of this action is located in this

2  District and that Plaintiff's causes of action arose in this District.

3  **PARTIES**

4  6.      Plaintiff JAMES ALGER ("Plaintiff") is and at all times relevant herein

5  was, a qualified individual with a physical disability. Plaintiff suffers from

6  Charcot-Marie-Tooth disease, a disorder that causes damage to the peripheral

7  nerves and atrophies muscles. A work injury caused this disease to decline rapidly.

8  As a result of his disability, Plaintiff has severe difficulty walking, as well as

9  difficulty with fine motor skills. Plaintiff relies on a wheelchair or scooter to

10  ambulate outside of the home and is able to drive a vehicle equipped with hand

11  controls. Plaintiff requires assistance with activities of daily living such as

12  dressing, grooming, loading his scooter in and out of vehicle if going to a remote

13  location, etc. While Plaintiff does not require constant 24-hour care, he does

14  require overnight care. Plaintiff utilizes a noninvasive ventilator due to weakened

15  respiratory muscles that affect his ability to adequately and safely breathe while

16  lying down and requires assistance in setting it up, placing it on and taking it off.

17  That assistance is generally provided by family members or friends of the family.

18  Plaintiffs level of disability is such that once he is up and dressed for the day, he

19  can proceed home which is equipped for his disability with little or no assistance

20  needed until it is time to get ready for bed that night. Plaintiff possesses a disabled

21  parking placard issued by the State of California and is a resident of Porter Ranch,

22  California, about 45 miles from Four Points.

23  7.      Defendants MARRIOTT INTERNATIONAL, INC.; LAX HOTEL

24  VENTURES, LLC; NEW WYNN LI, LP; UPTOWN LAX LLC,

25  PERSEVERANCE LAX LLC, are and were the owners, operators, lessors and/or

26  lessees of the subject business, property, and buildings at all times relevant to this

27  Complaint.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

1    8.      Defendants failed to ensure that the accommodations, goods, services, and

2    opportunities were accessible to Plaintiff and other members of the public who

3    have physical disabilities. Defendants' failure to comply with Federal and State

4    access laws proximately caused the violations and ongoing violations and damages

5    to plaintiff complained of herein.

6                          **FACTUAL ALLEGATIONS**

7    9.      Defendants have discriminated against Plaintiff because Four Points'

8    facilities and policies do not comply with the requirements of the ADA, the Unruh

9    Act, the California Health and Safety Cod, and the Disabled Persons Act.

10   Defendants have failed and refuses to provide full and equal access to the services,

11   privileges, benefits, and advantages that they provide to persons without

12   disabilities at Four Points.

13   10.     Four Points and its facilities, including but not limited to its entrances/exits,

14   parking, interior paths of travel, transaction counters, restrooms, and pool are each

15   a "public accommodation" and part of a "business establishment," subject to the

16   requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7) and of California

17   Civil Code §§ 51 *et seq.*

18   11.     On information and belief, Four Points and its facilities have, since January

19   26, 1993, undergone construction, alterations, structural repairs, and/or additions,

20   subjecting the facility to disabled access requirements of § 303 of the ADA (42

21   U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject

22   to "Title 24," the California State Architect's Regulations. Irrespective of Four

23   Points' construction and alteration history, removal of the access barriers at the

24   subject premises are subject to the "readily achievable" barrier removal

25   requirements of Title III of the ADA.

26   12.     Plaintiff stays at Marriott hotels at least 75 nights a year and is a Titanium

27   member of Marriott, the highest level of elite membership. Plaintiff frequently

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

4

1  stays at Marriott branded hotels in the Los Angeles area because Plaintiff's wife

2  typically works from home three days a week and in Gardena twice a week. During

3  the time she works in Gardena Plaintiff still requires assistance with the operation

4  of his noninvasive ventilator at night, and getting dressed, and ready for the day. A

5  friend of the family who frequently assists Plaintiff in Hawthorne, CA. Therefore,

6  out of convenience, Plaintiff tries to get a hotel near their primary place of

7  employment.

8  13.    Plaintiff's residential community does not have a lift for the pool or the

9  jacuzzi. Therefore, it is crucial for Plaintiff that whenever staying at hotels, that he

10  has an opportunity to use the pool and/or jacuzzi for his health and enjoyment. Due

11  to his disabilities, Plaintiff cannot safely enter and exit the pool without the use of

12  an accessible pool lift. In Plaintiff's experience, Marriott hotels frequently either

13  do not have a pool lift at all or have a pool lift that is inoperable. About 2 years

14  ago, Plaintiff complained to the Marriott corporate office regarding the prevalent

15  pool lift issue at five different Marriott hotels. While he was promised a response,

16  none came.

17  14.    Plaintiff's wife was scheduled to work in Gardena, California on September

18  12, 2022. Therefore, out of convenience to be closer to his wife and friends nearby,

19  Plaintiff, on September 11, 2022, made a reservation for a two-queen accessible

20  room through the Marriot app for a one-night stay at Four Points from September

21  11, 2022, to September 12, 2022. This was the most convenient hotel for Plaintiff

22  when considering the price and location.

23  15.    Plaintiff arrived at Four Points in the afternoon on September 11, 2022 and

24  noticed that the designated accessible parking in the front had been removed and

25  the front parking that remained was blocked off. Although there appeared to be a

26  path of travel from what used to be designated accessible parking, this path was not

27  marked and was inaccessible to wheelchair users.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

5

1    16.    Plaintiff drove up to the passenger drop off location but had difficulty

2    entering the location because the sole curb-cut was blocked by an SUV. After

3    waiting for some time, the SUV left, and Plaintiff was able to proceed to the check-

4    in counter. The check-in counter, however, was not accessible to Plaintiff because

5    it was too high, preventing him from reviewing the documents. Consequently,

6    Plaintiff had to pull up next to the check-in counter rather than straight on. Plaintiff

7    was told by the staff member at the check-in counter that the back parking lot had

8    accessible parking spaces.

9    17.    Once he completed the check-in process, Plaintiff went outside, to find the

10   accessible parking spaces. This, however, proved to be difficult and time

11   consuming because there was no signage directing Plaintiff to accessible parking.

12   When he did finally find the designated accessible parking spaces, much to

13   Plaintiff's frustration and disappointment, the spaces were not wheelchair

14   accessible. Namely, the configuration of the designated accessible parking spaces

15   was such that Plaintiff had to roll behind parked cars to reach the entrance, the

16   connection between the ramp and accessible aisle had an elevation exceeding ¼

17   inch; and the path from the designated accessible parking spaces was hazardous

18   due to elevations exceeding ½ inch.

19   18.    Once Plaintiff finally made it to his suite, he got dressed and went to the

20   hotel swimming pool. Plaintiff found the pool lift laying on the ground and

21   inoperable. He then went to the front desk and complained. The staff gave Plaintiff

22   a remote to operate the pool but the remote also did not work. Another staff

23   member showed up and spent 50 minutes trying to fix the lift. Eventually, the staff

24   member gave up, took the pool lift battery away and never came back.

25   19.    Later that evening, Plaintiff tried to access the marketplace store inside of

26   Four Points to purchase food but had difficulty accessing the store because the

27   entrance door was heavy.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

1    20.    The next morning, Plaintiff came down to the pool and found that the pool

2    lift was still not working. A staff member at the front desk told Plaintiff that the

3    pool lift is never working.

4    21.    Despite his frustrations, Plaintiff could and would stay at the Four Points in

5    the future if it is made accessible to him. He is deterred from returning because

6    Four Points continues to be inaccessible to him. For example, Plaintiff would have

7    stayed at Four Points on October 9, 2022, but chose to stay at another Marriott

8    branded hotel instead.

9    22.    On October 12, 2022, Plaintiff returned to Four Points to determine if the

10   pool lift was finally working; the pool lift was still inoperable.

11   23.    Before filing this lawsuit, Plaintiffs' legal representative did an informal

12   investigation of Four Points. While he could not make detailed measurements, he

13   determined that Four Points was also inaccessible in multiple other ways,

14   including, but not limited to, the following barriers related to Plaintiff's

15   disabilities:

- Pool door (when entering the facility) does not appear to have 24" clearance
- Bathroom in pool area does not have signage at latch side of door (left bathroom)
- There does not appear to be any accessible tables in pool area
- Towels in pool area are out of reach (by bathroom doors)
- Emergency phone in pool area appears to be out of reach
- Upon information and belief, restaurant area does not have at least 5% accessible seating
- Upon information and belief, no accessible counter is provided in the restaurant area

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

7

- Access aisle in rear designed accessible parking does not have stamped "No Parking" on ground
- Designated accessible parking is at 45 degrees and does not provide 18-foot depth
- Hatched striping in access aisle appears to be over 36" apart
- Ramp to designated access aisle has standing water on it
- Upon information and belief, the parking structure does not have any accessible parking

These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

24.    Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to his continued and/or attempted visits, which are certain to occur on a regular basis following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

25.    Defendants knew, or should have known, that these elements and policies rendered Four Points inaccessible, violate state and federal law, and interfere with and/or deny access to individuals with similar mobility disabilities. Upon information and belief, Defendants have the financial resources to remove these barriers and make Four Points accessible to the physically disabled. To date, however, Defendants refuse to remove those barriers or to provide full and equal access to Four Points.

26.    As a result of Defendants' actions and failures to act and failure to provide disabled access, Plaintiff suffered a denial of his civil rights emotional discomfort, and denial of rights to full and equal access to public accommodations, all to his

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

1    general, special, and statutory damages. On each such denial of access, Plaintiff

2    has encountered barriers to full and equal access which have caused him difficulty,

3    discomfort, and embarrassment. Plaintiff has been required to seek legal assistance,

4    and seeks statutory attorney fees, litigation expenses, and costs, pursuant to federal

5    and state law.

6    27.    Plaintiff's goal in this suit is a positive one: to make Four Points fully

7    accessible to persons with similar mobility disabilities.

8                              **FIRST CLAIM:**

9                    **VIOLATION OF THE ADA, TITLE III**

10                     **[42 USC §§ 12101 et seq.]**

11   28.    Plaintiff repleads and incorporates by reference, as if fully set forth

12   hereafter, the allegations contained in all paragraphs of this Complaint and

13   incorporates them herein as if separately repled.

14   29.    Plaintiff was at all times relevant herein a qualified individual with a

15   disability as defined by the ADA, as he has impairments that substantially limit

16   one or more major life activities.

17   30.    Plaintiff has reasonable grounds for believing he will be subjected to

18   discrimination each time that he may attempt to access and use the subject

19   facilities.

20   31.    The subject property and facility are among the "private entities," which are

21   considered "public accommodations" for purposes of Title III of the ADA. 42

22   U.S.C. § 12181(7).

23   32.    The acts and omissions of Defendants set forth herein were in violation of

24   Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28

25   C.F.R. Part 36, *et seq.* For example, Section 242.2 of the 2010 ADA Standards for

26   Accessible Designs provides "242.2 Swimming Pools. At least two accessible

27   means of entry shall be provided for swimming pools. Accessible means of entry

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

9

1   shall be swimming pool lifts complying with 1009.2; sloped entries complying

2   with 1009.3 . . . 242.4 Spas. At least one accessible means of entry shall be

3   provided for spas. Accessible means of entry shall comply with

4   swimming pool lifts complying with 1009.2." Defendants have failed to comply

5   with this regulation.

6   33.   Plaintiff alleges on information and belief that Four Points was designed and

7   constructed (or both) after January 26, 1993 -- independently triggering access

8   requirements under Title III of the ADA. Here, Defendants violated the ADA by

9   designing and/or constructing Four Points in a manner that did not comply with

10   federal and state disability access standards even though it was practicable to do

11   so.

12   34.    The removal of each of the barriers complained of by Plaintiff as herein

13   alleged, were at all times herein mentioned "readily achievable" under the

14   standards §§12181 and 12182 of the ADA.

15   35.   As noted throughout this Complaint, removal of each and every one of the

16   architectural barriers complained of herein was also required under California law.

17   36.   Plaintiff alleges on information and belief that Four Points was modified

18   after January 26, 1993. Any alterations, structural repairs, or additions since

19   January 26, 1993, have independently triggered requirements for removal of

20   barriers to access for disabled persons per § 12183 of the ADA.

21   37.   Defendants have discriminated against Plaintiff in violation of Title III of the

22   ADA by: (a) providing benefits that are unequal to that afforded to people without

23   disabilities; (b) failing to make reasonable modifications in policies, practices, or

24   procedures when such modifications are necessary to afford (and would not

25   fundamentally alter the nature of) the goods, services, facilities, privileges,

26   advantages, or accommodations of Four Points to individuals with disabilities; (c)

27   failing to remove architectural barriers that are structural in nature in existing

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

1   facilities where such removal is readily achievable; and (d) where Defendants can

2   demonstrate the removal of architectural barriers is not readily achievable, failing

3   to make the goods, services, facilities, privileges, advantages, or accommodations

4   of Four Points available through alternative methods if such methods are readily

5   achievable. On information and belief, as of the date of Plaintiff's most recent visit

6   to Four Points and as of the filing of this Complaint, the subject premises have

7   denied and continue to deny full and equal access to Plaintiff and to other similarly

8   mobility disabled persons in other respects, which violate Plaintiff's rights to full

9   and equal access and which discriminate against him on the basis of his disability,

10  thus wrongfully denying him the full and equal enjoyment of the goods, services,

11  facilities, privileges, advantages and accommodations, in violation of §§ 12182 and

12  12183 of the ADA. The ability to enter and exit Four Points (including park in the

13  designated accessible parking stalls) with ease and to utilize the swimming pool is

14  a fundamental necessity. Without this ability, Plaintiff is unable to available

15  himself of the goods and services offered at Four Points on a full and equal basis.

16  Therefore, the benefits of creating access, including, but not limited to, providing

17  access including to the swimming pool, does not exceed the costs of readily

18  achievable barrier removal. These costs are fundamental to doing business, like

19  any other essential function of operating a public accommodation. It is thus readily

20  achievable to remove these barriers. Furthermore, these are the types of barriers

21  identified by the Department of Justice as presumably readily achievable to

22  remove, and, in fact, these barriers are readily achievable to remove.

23  38.      Pursuant to the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the

24  remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42

25  U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability

26  in violation of the ADA or has reasonable grounds for believing that he is about to

27  be subjected to discrimination.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

1  39.   Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil

2  Rights Act of 1964, 42 USC 2000(a)-3(a), and pursuant to Federal Regulations

3  adopted

4        WHEREFORE, Plaintiff requests relief as outlined below.

5                        **SECOND CLAIM:**

6            **VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**

7                  **[Cal. Civil Code §§ 51 et seq.]**

8  40.   Plaintiff repleads and incorporates by reference, as if fully set forth again

9  herein, the allegations contained in all paragraphs of this Complaint and

10  incorporates them herein by reference as if separately repled hereafter.

11  41.   Four Points is a business establishment within the meaning of the Unruh

12  Act.

13  42.   Defendants are the owner and/or operators of a business establishment.

14  43.   Defendants violated the Unruh Act by their acts and omissions, as follows:

15           a.  Failure to construct and/or alter Four Points in compliance with state

16               building code and state architectural requirements;

17           b.  Failure to remove known barriers to access at Four Points;

18           c.  Failure to modify policies and procedures as necessary to ensure

19               Plaintiff full and equal access to the accommodations, advantages,

20               facilities, privileges, and/or services of Four Points; and

21           d.  Violation of the ADA, a violation of which is a violation of the Unruh

22               Act. Cal. Civil Code § 51(f).

23  44.   Plaintiff has experienced barriers to access at Four Points, all of which have

24  caused him major difficulty, discomfort, and embarrassment. Plaintiff suffered

25  mental and emotional damages, including statutory and compensatory damages,

26  according to proof.

27  45.   Further, on information and belief, Four Points and its respective premises

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

1   are also illegally inaccessible in multiple other respects. As noted above, the

2   barriers to access described in this Complaint are listed without prejudice to

3   Plaintiff citing additional barriers to access after inspection by Plaintiff's access

4   consultant(s)/expert(s).

5   46.   These barriers to access render Four Points and its premises inaccessible to

6   and unusable by persons with mobility disabilities. All facilities must be brought

7   into compliance with all applicable federal and state code requirements, according

8   to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain

9   full injunctive relief as to those barriers that limit or deny full and equal access to

10   persons with similar mobility disabilities.

11   47.   Each violation of the ADA constitutes a separate and distinct violation of

12   California Civil Code § 51(f), thus independently justifying an award of damages

13   and injunctive relief pursuant to California law, including but not limited to Civil

14   Code § 52(a).

15   48.   With respect to Defendants' violations of the Unruh Act that are not

16   predicated on violations of the ADA, Defendants' behavior was intentional: they

17   were aware of and/or were made aware of their duties to remove barriers that

18   prevent persons with mobility disabilities like Plaintiff from obtaining full and

19   equal access to Four Points. Defendants' discriminatory practices and/or policies

20   that deny full enjoyment of Four Points to persons with physical disabilities

21   indicate actual and implied malice and conscious disregard for the rights of

22   Plaintiff and other similarly disabled individuals. Accordingly, Defendants have

23   engaged in willful affirmative misconduct in violating the Unruh Act.

24   49.   On information and belief, the access features of Four Points have not been

25   improved since Plaintiff's visits there. Plaintiff's injuries are ongoing so long as

26   Defendants do not modify their policies and procedures and provide fully

27

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

1    accessible facilities for Plaintiff and other persons with similar mobility

2    disabilities.

3    50.    At all times herein mentioned, Defendants knew, or in the exercise of

4    reasonable diligence should have known, that his barriers, policies and practices at

5    its facilities violated disabled access requirements and standards and had a

6    discriminatory impact upon Plaintiff and upon other persons with similar mobility

7    disabilities, but Defendants failed to rectify the violations, and presently continues

8    a course of conduct in maintaining barriers that discriminate against Plaintiff and

9    similarly situated disabled persons.

10                WHEREFORE, Plaintiff requests relief as outlined below.

11                            **THIRD CLAIM:**

12    **VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE**

13                    **[Cal. Health and Safety Code §§19955 *et seq.*]**

14    51.    Plaintiff repleads and incorporates by reference, as if fully set forth

15    hereafter, the allegations contained in all paragraphs of this Complaint and

16    incorporates them herein as if separately repled.

17    52.    Health & Safety Code §19955 provides in pertinent part:

18        The purpose of this part is to ensure that public accommodations or
19        facilities constructed in this state with private funds adhere to the
          provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
20        of Title 1 of the Government Code. For the purposes of this part
          "public accommodation or facilities" means a building, structure,
21        facility, complex, or improved area which is used by the general
          public and shall include auditoriums, hospitals, theaters, restaurants,
22        hotels, motels, stadiums, and convention centers. When sanitary
          facilities are made available for the public, clients or employees in
23        such accommodations or facilities, they shall be made available for
24        the handicapped.
25

26    53.    Health & Safety Code §19956, which appears in the same chapter as

27    §19955, provides in pertinent part, "accommodations constructed in this state

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

14

1  shall conform to the provisions of Chapter 7 (commencing with Sec. 4450)

2  of Division 5 of Title 1 of the Government Code … ." Health & Safety Code

3  §19956 was operative July 1, 1970 and is applicable to all public

4  accommodations constructed or altered after that date.

5  54.    On information and belief, portions of Four Points and/or of the

6  building(s) were constructed and/or altered after July 1, 1970, and substantial

7  portions of Four Points and/or the building(s) had alterations, structural

8  repairs, and/or additions made to such public accommodations after July 1,

9  1970, thereby requiring Four Points to be subject to the requirements of Part

10  5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration,

11  structural repairs or additions per Health & Safety Code §19959.

12  55.    Pursuant to the authority delegated by Government Code §4450, et

13  seq, the State Architect promulgated regulations for the enforcement of these

14  provisions. Effective July 1, 1982, Title 24 of the California Building

15  Standards Code adopted the California State Architect's Regulations and

16  these regulations must be complied with as to any alterations and/or

17  modifications of Four Points and/or the building(s) occurring after that date.

18  Construction changes occurring prior to this date but after July 1, 1970

19  triggered access requirements pursuant to the "ASA" requirements, the

20  American Standards Association Specifications, A117.1-1961.

21  56.    On information and belief, at the time of the construction and

22  modification of said building, all buildings and facilities covered were

23  required to conform to each of the standards and specifications described in

24  the American Standards Association Specifications and/or those contained in

25  the California Building Code.

26  57.    Four Points is a "public-accommodations or facilities" within the

27  meaning of Health & Safety Code §19955, *et seq.*

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

15

58.     As a result of the actions and failure to act of Defendants, and as a result of the failure to provide proper and legally accessible public facilities, Plaintiff was denied Plaintiff's right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

59.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

60.     Four Points is a place of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code  § 54 *et seq.*

61.     The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

62.     The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code  § 54.1(a) (1).

63.     The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code  § 54.1(d).

64.     Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

16

1   facilities due to his disability.

2              WHEREFORE, Plaintiff requests relief as outlined below.

3                              **PRAYER FOR RELIEF:**

4   1.       Plaintiff has no adequate remedy at law to redress the wrongs suffered as set

5   forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable

6   injury as a result of the unlawful acts, omissions, policies, and practices of

7   Defendants as alleged herein, unless Plaintiff is granted the relief he requests.

8   Plaintiff and Defendants have an actual controversy and opposing legal positions

9   as to Defendants' violations of the laws of the United States and the State of

10  California. The need for relief is critical because the rights at issue are paramount

11  under the laws of the United States and the State of California.

12  2.       Plaintiff requests a declaratory judgment that Defendants' actions,

13  omissions, and failures -- including but limited to: failing to remove known

14  architectural barriers at Four Points so as to make the facilities "accessible to and

15  useable by" mobility disabled persons; failing to construct and/or alter Four Points

16  in compliance with federal access standards, state building code, and state

17  architectural requirements; and failing to make reasonable modifications in policy

18  and practice for Plaintiff and other persons with similar mobility disabilities.

19  3.       Plaintiff requests that the Court issue an order enjoining Defendants, their

20  agents, officials, employees, and all persons and entities acting in concert with

21  them:[1]

22            a.  From continuing the unlawful acts, conditions, and practices described

23                in this Complaint;

24            b.   To provide reasonable accommodation for persons with disabilities in

25                all its programs, services, and activities at Four Points;

26

27  _____
    [1] Plaintiff does not seek injunctive relief under Cal. Civil Code section 55.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES
17

c. To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at Four Points;

d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including without limitation, the removal of all barriers to access where "readily achievable;"

e. To maintain such accessible facilities once they are provided;

f. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at Four Points;

g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at Four Points.

4.     Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

5.     Plaintiff requests all appropriate damages, including but not limited to statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6.     Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including but not limited to the ADA, 42 U.S.C. § 12205; the Unruh Act, California Civil Code § 52; and "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5.

7.     Plaintiff requests prejudgment interest pursuant to California Civil Code § 3291;

8.     Plaintiff requests interest on monetary awards as permitted by law; and

9.     Plaintiff requests such other and further relief as this Court may deem just

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

18

1    and proper.

2

3

4    Date: October 24, 2022                    REIN & CLEFTON

5                                              ALLACCESS LAW GROUP

6

7                                               */s/ Irakli Karbelashvili*
                                               By IRAKLI KARBELASHVILI, Esq.
8                                              Attorney for Plaintiff
                                               JAMES ALGER
9

10

11                                **JURY DEMAND**

12         Plaintiffs hereby demand a trial by jury for all claims for which a jury is

13   permitted.

14

15   Date: October 24, 2022                    REIN & CLEFTON

16                                             ALLACCESS LAW GROUP

17

18                                              */s/ Irakli Karbelashvili*
                                               By IRAKLI KARBELASHVILI, Esq.
19                                             Attorney for Plaintiff
                                               JAMES ALGER
20

21

22

23

24

25

26

27

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES
19